**Sara Pilar Racancoj CUYUCH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–73895.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008 *.

Filed March 25, 2008.

Tim R. Everett, Esq., Law Offices of Tim R. Everett, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., Jennifer Levings, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Sara Pilar Racancoj Cuyuch, a native and citizen of Guatemala, petitions for re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000) and we deny the petition for review.

Substantial evidence supports the BIA's finding that the two threatening notes Cuyuch received did not amount to past persecution. *See Lim v. INS,* 224 F.3d 929, 936–37 (9th Cir.2000). Further, the BIA correctly held that Cuyuch failed to demonstrate an objective basis to fear future persecution because country conditions in Guatemala have changed. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1095–96 (9th Cir.2002).

Because Cuyuch failed to establish eligibility for asylum, she necessarily fails to meet the more stringent standard for withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). Substantial evidence also supports the BIA's denial of CAT relief because Cuyuch failed to show it is more likely than not that she would be tortured if returned to Guatemala. *See id.*

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.